**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **No. 09 Cr 539-6** |
| | ) | |
| **MICHAEL BULMASH.** | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

In 2009, Michael Bulmash pled guilty to one count of wire fraud relating to his role in a mortgage fraud scheme. In 2012, after his cooperation with the government had concluded, the Court sentenced Bulmash to three years of probation with a condition of 60 days of community confinement and 60 days of home detention. The Court also ruled that Bulmash would pay 10 percent of his net monthly income as restitution under the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. § 3663A; 5/10/2012 Tr. at 26–27.

In February 2015, with the term of probation about to end, the government sent a third-party citation to discover assets to Bulmash's employer stating that it was required to withhold 25 percent of his non-exempt wages. *See* 18 U.S.C. § 3613; 735 ILCS 5/2-1402. Bulmash's employer complied.

Bulmash has now moved for the Court (1) to quash the government's third-party citation to discover assets, (2) to direct Bulmash's employer to return the withheld wages, and (3) to enjoin any enforcement mechanism that would alter Bulmash's

payment obligations, including garnishment. He argues that his plea agreement mandates this result. The government responded that it is permitted to garnish 25 percent of Bulmash's non-exempt income, and it separately moved for a garnishment order. The Court stayed the government's motion for a garnishment order pending consideration of Bulmash's motion to quash.

## Discussion

Bulmash contends that his plea agreement precludes the government from requesting a different enforcement mechanism than what the Court ordered at sentencing. Bulmash concedes, for purposes of this motion, that the "Government generally has the right to use civil enforcement mechanisms to collect restitution from a criminal defendant." Def.'s Mot. to Quash Third-Party Citation at 5. He argues, however, that his plea agreement precludes the government from garnishing his wages.

The parties primarily dispute the interpretation of one sentence in the plea agreement, which is in bold typeface below:

> Regarding restitution, the parties acknowledge that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant, together with any jointly liable codefendants, to make restitution in an amount to be determined by the Court at the time of sentencing. **Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing**. . . .

Plea Agreement ¶ 14. Bulmash contends that he is *only* required to pay restitution pursuant to the payment schedule set by the Court at sentencing.

A plea agreement is a contract, and the Court must "interpret its terms using ordinary contract principles." *United States v. Brown*, 779 F.3d 486, 492 (7th Cir. 2015). The Court "examine[s] the terms of the agreement objectively, relying on the plain meaning of its terms as evidence of the parties' intent. Ambiguities in the contract will

be construed against the government," although "the government's obligations, like the defendant's, will be limited to matters on which they have actually agreed." *Id.* (internal citations omitted). The plea agreement states that restitution will be "paid pursuant to a schedule to be set by the Court at sentencing," and in this case that schedule was 10 percent of Bulmash's net monthly income. Bulmash argues that the government cannot seek to alter the mechanism by which the payment schedule is enforced. He says that under the plea agreement and the judgment, he is only required to make the monthly payments that the Court ordered at sentencing. *See* 18 U.S.C. §§ 3664(f)(2), 3572. This would limit the government from altering the monthly payment amount or from pursuing civil enforcement mechanisms such as garnishment, which are allowed under 18 U.S.C. § 3613(a). *See also* 28 U.S.C. § 3205 (outlining procedures for garnishment).

The Court rejects Bulmash's proposed construction of the plea agreement. First, the plea agreement says nothing about the mechanism by which the government will collect restitution. The plea agreement simply mentions the "schedule . . . set by the Court," referring to the schedule of payments listed in the judgment. The statutory provision under which the restitution order was entered expressly contemplates civil enforcement. The governing statute, 18 U.S.C. § 3664, titled "Procedure for issuance and enforcement of order of restitution," states that the government may seek civil enforcement to collect restitution: "An order of restitution may be enforced by the United States in the manner provided for in subchapter C of chapter 227 and subchapter B of chapter 229 of this title; or [ ] by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). (Subchapter B of chapter 229 includes 18 U.S.C.

§ 3613.)  Another applicable statute, 18 U.S.C. § 3613, states:  "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution."  18 U.S.C. § 3613(f).  In other words, *any* order of restitution may be enforced through civil enforcement mechanisms under 18 U.S.C. § 3613(a), including the order that the Court entered after sentencing Bulmash.  Nothing in the plea agreement indicates that the parties intended to overturn the statutory scheme for enforcing restitution.

Accordingly, the plea agreement does not preclude garnishment, because the government did not implicitly or explicitly promise not to seek civil enforcement in exchange for Bulmash's guilty plea.  *See United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999) ("[A] defendant's rights under a plea agreement are limited by what the parties in fact agreed to.").  In fact, the plea agreement has language that supports the government's argument that it may seek civil enforcement.  One provision states:

> Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

Plea Agreement ¶ 22.  This provision can be read to give the government leeway in seeking civil enforcement measures such as garnishment.  In sum, the plea agreement does not prohibit garnishment.

Second, the plea agreement does not prevent the Court from increasing Bulmash's monthly payment amount from what the Court ordered at sentencing.  In fact, Bulmash concedes that the Court may modify the monthly payment amount if the

requirements listed in 18 U.S.C. § 3664(o) are met.[1]  *See* Def.'s Supplement to Mot. to

Quash Third-Party Citation at 11.  Thus, the "at sentencing" language in the plea

agreement is not to be taken literally.  And given Bulmash's concession that

modifications to the monthly payment amount may be made under certain

circumstances—even though the plea agreement does not mention modification—it is

difficult to understand why one would read the agreement to prevent other sorts of

modifications to the payment amount.

In short, the Court is not precluded from modifying the payment amount after

sentencing.  Sections 3664(k) and 3664(o) specifically permit this in appropriate

circumstances.  The Court defers deciding whether the government can garnish 25

percent of Bulmash's monthly income.

Although the plea agreement does not prevent the government from seeking

garnishment or a modification of the payment amount, the agreement and the judgment

make it clear that it is the Court that determines the amount and manner of payment.

Under the agreement, restitution is to be "paid pursuant to a schedule *to be set by the

Court*."  The Court concludes that given this language, the plea agreement gives the

Court the authority to determine the amount and manner of payment, though it does not

distinguish between different methods of collection.  For this reason, the government

may not unilaterally order Bulmash's employer to withhold 25 percent of his non-exempt

wages, as this would amount to a change in the payment schedule without the Court's

---

[1] The Court would have jurisdiction to make such a modification, even though
Bulmash's term of probation has ended.  *See United States v. Zaman*, No. 03-CR-0824
FB, 2015 WL 778177, at *1 (E.D.N.Y. Feb. 24, 2015); *United States v. Fromm*, No. 98
CR 755, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014); *United States v. Townsend*,
No. 2:09-CR-00118, 2014 WL 1884229, at *1 (S.D. Ohio May 9, 2014).

approval.  Accordingly, the Court grants Bulmash's motion to quash the citation to discover assets and orders his employer to return the withheld funds.

One final note.  The parties' submissions in the present proceedings, which include information suggesting that Bulmash's financial circumstances may have changed, bring section 3664(k) into play.  The Court directs Bulmash to provide the Court and the government with a complete and current disclosure of his income, assets, and liabilities, so the Court can assess whether a change to the payment terms is warranted.  This is to be filed under seal within fourteen days of the present order.

## Conclusion

For the foregoing reasons, the Court grants defendant's motion to quash in part and denies it in part [dkt. no. 528].  The citation to discover assets is quashed, and Bulmash's employer is directed to turn over the withheld funds to Bulmash.  Bulmash is directed to make the previously-described financial disclosure by August 14, 2015.  The case is set for a status hearing on August 19, 2015 at 9:00 a.m., in chambers.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  July 31, 2015